IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
       Plaintiff, )
)
v. ) 1:04CV00183
)
CIRCUIT CITY STORES, INC., )
       Defendant. )
        )

MEMORANDUM ORDER

TILLEY, Chief Judge

    This case arises out of the employment relationship between Olujimi Moses and Defendant Circuit City Stores, Inc. ("Circuit City"). Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Circuit City subjected Mr. Moses to a hostile work environment because of his disability, in violation of the Americans with Disabilities Act ("ADA"). This case is currently before the Court on Defendant's Motion for Judgment on the Pleadings [Doc. #18]. For the reasons set forth below, this motion is DENIED.

I.

    The relevant facts, viewed in the light most favorable to the Plaintiff, are as follows. Mr. Moses, who suffers from sickle cell anemia and avascular necrosis, was allegedly subjected to a hostile work environment from July 2000 until August 15, 2001, while employed at Circuit City in Durham, North Carolina.[1] In

---

[1] Durham is located in Durham County.

September 2001 Mr. Moses's employment at Circuit City was terminated. On April 8, 2002, Mr. Moses filed a charge of discrimination with the EEOC.[2] On March 2, 2004, the EEOC filed this case. In its motion for judgment on the pleadings, Circuit City contends that, for the reasons discussed in Part III, this action was not filed within appropriate time limits because a local ordinance was unconstitutional under North Carolina law.

II.

In considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the facts presented in the pleadings and the inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. Edwards v. City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999). A motion for judgment on the pleadings is determined by the same standard applied to a motion under Rule 12(b)(6). The purpose of a motion for judgment on the pleadings is to test the sufficiency of the complaint. Id. at 243. Dismissal is inappropriate unless it is clear that the non-moving party can prove no facts sufficient to support his claim for relief. Id. at 244.

---

[2] Mr. Moses first contacted the Commission on February 15, 2002. He returned a "pre-charge questionnaire" to the EEOC on March 1, 2002. The EEOC then drafted a charge which Mr. Moses signed on March 29, 2002, and mailed back to the EEOC. The charge was "docketed" by the EEOC on April 8, 2002. (Pl.'s Mem. Opp'n Mot. J. Pldgs. at 7.) There is disagreement between the parties about which date the charge is considered "filed." (See Def.'s Mem. Supp. Mot. J. Pldgs. at 3 n.2). However, the exact date is not material to the decision today, and the date advanced by the EEOC, April 8, 2002, will be used for uniformity.

In considering a motion under Rule 12(c), a court may take notice of facts that are part of the public record without converting the motion to a summary judgment motion under Rule 56.[3] Papsan v. Allain, 478 U.S. 265, 268 n.1 (1986).

III.

The ADA adopts the procedural framework of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). 42 U.S.C. § 12117(a) (2005) (incorporating the requirements of Title VII set out in 42 U.S.C. § 2000e-5). Generally speaking, an individual has 180 days from the date a discriminatory employment practice occurs to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1) (2005); see also EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1998). The filing period is extended in a jurisdiction that has a local ordinance addressing employment discrimination and a local fair employment practices ("FEP") agency that meets certain requirements.[4] § 2000e-5(e)(1); Commercial Office Prods., 486 U.S. at 111-12. If the EEOC and local FEP agency have a "worksharing" agreement, the filing period is 300 days. Commercial Office Prods., 486 U.S. at 125.

---

[3] Defendant contends that Plaintiff has submitted documents that are inappropriate for review at this stage in the case, and proposes that the Court convert the motion to one for summary judgment. However, only those materials that are available for review in a 12(c) motion have been considered, and the motion will therefore not be converted to a summary judgment motion.

[4] Aside from disputing the state constitutionality of the DHRC's existence, Circuit City does not argue that the DHRC otherwise failed to meet the requirements for qualified FEP agencies under 29 C.F.R. § 1601.70 (2005).

3

In 1994 the City of Durham enacted an ordinance that prohibited employers in Durham from discriminating on the basis of "race, color, sex, religion, national origin, disability or age" and provided for enforcement of the ordinance by the Durham Human Relations Commission ("DHRC"). Durham, N.C., Code ch. 8.6, arts. I, IV, §§ 8.6.-1(a), -15 (enacted July 18, 1994, suspended June 24, 2003). At all times relevant to this case, the EEOC recognized the DHRC as a "designated FEP agency." See 29 C.F.R. § 1601.74 (2005).

The issue in this case is whether the filing period for Mr. Moses was 180 days or 300 days. Circuit City does not dispute that Mr. Moses filed his claim with the EEOC more than 180 but less than 300 days after the allegedly discriminatory behavior occurred. Circuit City argues that the Durham ordinance is unconstitutional and void under Williams v. Blue Cross Blue Shield of North Carolina, 357 N.C. 170, 581 S.E.2d 415 (N.C. 2003), that the ordinance and the DHRC were therefore never valid, and that the proper filing period was at all times 180 days. The EEOC contends that Williams does not make the Durham ordinance unconstitutional, and that even if it did, either the decision should not be "retroactively" applied to bar Mr. Moses' claim or the filing period should be equitably tolled.

In Williams, 357 N.C. 170, 581 S.E.2d 415, the North Carolina Supreme Court addressed the constitutionality of employment provisions of an Orange County anti-discrimination ordinance and the legislation that enabled its passage.

4

The North Carolina Constitution states: "The General Assembly shall not enact any local, private, or special act or resolution. . . [r]egulating labor. . . . Any local, private, or special act or resolution enacted in violation of the provisions of this Section shall be void." N.C. Const. art. II, § 24(1)(j), (3). The court found that the enabling legislation and the employment provisions in the Orange County ordinance were unconstitutional local laws regulating labor and therefore void. 357 N.C. at 192, 581 S.E.2d at 431.

The timeliness requirement for filing a charge with the EEOC is not a jurisdictional prerequisite to bringing an ADA claim in federal court, but rather is treated as a statute of limitations and subject to tolling "when equity so requires." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). The Fourth Circuit allows equitable tolling of a statute of limitations when there are "(1) extraordinary circumstances, (2) beyond [plaintiff's] control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (reh'g en banc), cert. denied, 541 U.S. 905 (2004); see also Chao v. Virginia Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (identifying three sets of circumstances in which equitable tolling is appropriate); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations.").

Equitable tolling should never operate, however, to excuse the plaintiff's

5

failure to "exercise due diligence in preserving his legal rights." Chao, 291 F.3d at 283 (internal quotations omitted); see Rouse, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."). Indeed, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330, quoted in Rouse, 339 F.3d at 246. Even given those parameters, "[a]s a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright line rules." Id.

IV.

It should be noted as an initial matter that the decision in Williams v. Blue Cross Blue Shield of North Carolina, 357 N.C. 170, 581 S.E.2d 415 (N.C. 2003), did not address the Durham ordinance or the DHRC. The fact that the City of Durham filed a brief as amicus curiae in Williams and later suspended enforcement of its employment discrimination ordinance does not require a finding that the Durham ordinance is unconstitutional. Indeed, as Plaintiff points out, the two ordinances appear to differ in potentially significant ways. However, that issue need not be reached in this case. Even if the Durham ordinance is assumed to be unconstitutional under Williams, and even if the Williams decision in 2003 operated

6

to limit the filing period for Mr. Moses in 2002, equity requires that the filing period be equitably modified in this case.

As noted above, equitable modification of a filing period or statute of limitations requires a showing of (1) extraordinary circumstances (2) beyond the filing party's control that (3) prevented a timely filing. Each of these elements is present in this case. The relevant party for the purposes of the "extraordinary circumstances" analysis is not, as it normally would be, the plaintiff. Rather, because the statute of limitations applies to the filing of a charge with the EEOC by the employee, the circumstances should be considered as they relate to Mr. Moses, not the EEOC. While it is not necessarily extraordinary that a state court would find a law unconstitutional, in this case such a declaration would have an unusual effect: secondary impact on a procedural provision in a federal law. Neither party points to a case in which a local or state anti-discrimination ordinance was found to be unconstitutional, thereby affecting which filing period would apply in that jurisdiction. Clearly, Mr. Moses had no control over the actions of the North Carolina Supreme Court in deciding <u>Williams</u>; nor should he be held to a standard of prescience regarding the ordinance's state constitutionality.

Furthermore, a tolling of the filing period in this case would not frustrate the purpose of the timely filing requirement: "to give prompt notice to the employer." <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 398 (1982). In a statutory scheme like Title VII or the ADA "in which laymen, unassisted by trained lawyers,

7

initiate the process," a highly technical application of the filing requirements would be inappropriate. <u>Love v. Pullman</u>, 404 U.S. 522, 527 (1972). Circuit City's interests are in no way prejudiced by an equitable tolling of the statute of limitations.

Because Mr. Moses pursued his rights diligently, within the parameters of the governing federal law, equity is served by tolling the filing period from the time the 180 days elapsed (around February 15, 2002) until the time he filed his charge (April 8, 2002). His charge was timely filed, and Defendant's motion must therefore be denied.

V.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [Doc. #18] is DENIED.

This the day of June 1, 2005

           /s/ N. Carlton Tilley, Jr.
United States District Judge