IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO 1 04CV00183 |
| Plaintiff, | ) | |
| v | ) ) | SETTLEMENT AGREEMENT |
| CIRCUIT CITY STORES, INC | ) ) | |
| Defendant | ) | |



The Equal Employment Opportunity Commission ("EEOC" or the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U S C § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U S C §2000(e)-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U S C §1981a

The Commission and the Defendant, Circuit City Stores, Inc (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation

Nothing in this Settlement Agreement ("Agreement") shall be construed as an admission by Defendant that it or any of its employees violated the ADA

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that (1) the Court has jurisdiction over the parties and the subject matter of this action, (2) the

purpose and provisions of the ADA will be promoted and effectuated by the entry of the Agreement, and (3) this Agreement resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below

1       Defendant shall not discriminate against any person on the basis of disability, including harassment based on disability, within the meaning of the ADA

2       Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title I of the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute

3       Defendant shall pay Olujimi Moses ("Moses") the sum of Thirty-Six Thousand Five Hundred Dollars ($36,500) in settlement of the claims raised in this action   Defendant shall make payment by issuing a check payable to Olujimi Moses   Payment shall be made within fifteen (15) days after the Court approves this Agreement, and Defendant shall mail the check to Olujimi Moses at an address to be provided by the Commission   Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A  Barnes, Acting Regional Attorney, at the Equal Employment Opportunity Commission, 129 W  Trade Street, Suite 400, Charlotte N C , 28202, a copy of the check and proof of its delivery to Olujimi Moses

4       Within ten (10) days of entry of this Settlement Agreement, Defendant agrees to eliminate from the employment records of Moses any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 141-2002-00397 and the related events that occurred thereafter   Within twenty (20) days of entry of this Agreement, Defendant will certify to EEOC in writing that this action has been taken

2

5      Defendant agrees to provide Moses with its employment verification number which has been set up by Defendant for prospective employers to call and verify a former associate's employment with Defendant   The only information provided through a call to this number, without Moses' prior authorization, is his position and dates of employment   This employment verification number shall be maintained throughout the term of this Agreement   Within fifteen (15) days of the entry of this Agreement, the employment verification number shall be forwarded to Moses at an address to be provided by the Commission, with a copy sent to the EEOC

6      During the Term of this Agreement, Defendant shall make available training in the form of an e-learning program to all of its associates and managers nationwide that, among other things, shall include an explanation of the prohibition against disability discrimination and harassment, as well as the prohibition against retaliation in the workplace   The e-learning program shall also include an explanation of Defendant's policy regarding disability harassment, and an explanation of the rights and responsibilities of employees and managers under the policy   The current names of the e-learning courses are   (1) Managing within the Law (only for Managers), (2) Company Guidelines (includes Treating Associates with Respect, Open-Door Policy, EEO Laws)   Defendant further agrees to maintain its current requirements that new associates complete the Company Guidelines course during orientation and that new managers complete the Managing within the Law course within 90 days of being classified as a manager   To the extent Defendant replaces any of these courses with another course, it will provide EEOC with a copy of such course   Within 30 days of the anniversary of the dismissal of this case, Defendant shall report

3

a   The number of associates hired in North Carolina and the number who have received training on the Company Guidelines e-learning course in the past year,

b   That it has maintained Standard Operating Procedures on

  (i)   Harassment,

  (ii)  Equal Employment Opportunity,

  (iii) Treating Associates with Respect, and

  (iv)  Open Door Policy (and provide copies of same), and that such Standard Operating Procedures are in an accessible location in its stores

c   That it has maintained its requirement that its managers annually review and acknowledge Defendant's "Code of Business Conduct," which shall include a section on "Employment Laws."

7   Beginning within thirty (30) days after the entry of this Agreement by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Notice, marked Exhibit B, hereby made a part of this Agreement, in a place where it is visible to employees at its Durham, Cary and Raleigh, North Carolina facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

8   During the term of this Agreement, Defendant shall, at all times, maintain a "hotline" to its corporate headquarters on which employees have the option of reporting any claim of harassment.

9   During the term of this Agreement, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Agreement. The reports will include the following information:

4

a. The identities of all individuals who have complained on the Open Circuit hotline of disability harassment at Defendant's North Carolina facilities, including by way of identification each person's name, address and telephone number, and position,

b. A detailed statement of the individual's complaint,

c. The identity of the alleged harasser, and

d. What action was taken in response to the individual's complaint

Such reporting does not include complaints in which Defendant's employee(s) requests arbitration with respect to their claim under Circuit City's arbitration program

10. If anytime during the term of this Agreement, the Commission believes that Defendant is in violation of the Agreement, the Commission shall give notice of the alleged violation to Defendant Defendant shall have ten (10) days in which to investigate and respond to the alleged violation Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such alleged violation before the Commission exercises any remedy provided by law If the parties are unable to reach an agreement. then Defendant agrees that the Commission may

a. Request documents reasonably related to the alleged violation of this Agreement,

b. Request witnesses to be produced at a mutually agreeable time at the Commission office closest to where the alleged violation occurred, and

c. If visual inspection is required to confirm the alleged violation, at a mutually agreeable time, inspect the premises of Defendant as it relates to the alleged violation

5

Defendant shall have 10 days in which to respond to any such request by the Commission or such additional time as may be agreed upon by Defendant and the Commission

11. The term of this Agreement shall be for two (2) years from its entry by the Court

12. All reports or other documents sent to the Commission by Defendant pursuant to this Agreement shall be sent to Lynette A Barnes, Acting Regional Attorney, at the Equal Employment Opportunity Commission, 129 W Trade Street, Suite 400, Charlotte N C , 28202

13. Each party shall bear its own costs and attorney's fees

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Agreement and entry of such further orders as may be necessary or appropriate

15. The parties will submit a separate Stipulation of Dismissal with Prejudice

It is therefore ORDERED, ADJUDGED AND DECREED that this Agreement be, and hereby is, accepted by Court on the terms set forth above

August 19, 2005
Date

Judge, U S District Court
Middle District of North Carolina

The parties jointly request that the Court approve and enter this Settlement Agreement

6

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

ERIC S DREIBAND
General Counsel

JAMES L LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
Lynette A Barnes
Acting Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N C 28202

_____
Zoe G Mahood
Senior Trial Attorney
1309 Annapolis Drive
Raleigh, N C 27608
(919) 856-4080

7·

CIRCUIT CITY STORES, INC., Defendant

*[signature]*

Reginald D. Hedgebeth
Senior VP and General Counsel
Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233-1464


*[signatures]*

Joseph T. McFadden, Jr., Esq.
Scott W. Kezman, Esq.
Kaufman & Canoles, P.C.
P.O. Box 3037
Norfolk, VA 23514
(757) 624-3008
Attorneys for Circuit City Stores, Inc.

ODMA\PCDOCS\DOCSNFK\992826\3

# NOTICE

1.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The Americans with Disabilities Act specifically prohibits discrimination based on disability, including harassment based on disability.

2.  Circuit City Stores, Inc. will comply with such federal law in all respects. Furthermore Circuit City Stores, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact

> Equal Employment Opportunity Commission
> 1801 L Street N.W.
> Washington, DC 20507
> TEL 1-800-669-4000
> TTY 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL _____, 2007

ODMA\PCDOCS\DOCSNFK\992827 2